UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROBERT EARL HARDIMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:18CV52 HEA |
|  | ) |  |
| DEAN MINOR, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Robert Earl Hardiman for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the financial information submitted by plaintiff, the Court has determined that he lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $22.82. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 9). The certified inmate account statement shows an average monthly deposit of $114.12. The Court will therefore assess an initial partial filing fee of $22.82, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be construed within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate at Moberly Correctional Center in Moberly, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names as defendants Dean Minor, the warden of Moberly Correctional Center, and Anne Precythe, the Director of the Missouri Department of Corrections. Defendants are sued in their official capacities.[1] (Docket No. 1 at 2).

Plaintiff states that he has been "poisoned while in the custody of [the] Missouri Department of Corrections" and has suffered from "infectious" symptoms that have been untreated and ignored by Corizon. Specifically, plaintiff indicates that in early mid-2018, he

---

[1] On the second page of plaintiff's handwritten complaint, he lists the name and address of defendant Minor, and directly below that, the name and title of defendant Precythe. Below Precythe's name, plaintiff writes: "Official Capacity." It is not entirely clear whether plaintiff intended that designation to refer to both Minor and Precythe, or just Precythe alone. However, at no point in the complaint does plaintiff indicate that he is suing Minor in his individual capacity. If plaintiff is silent as to capacity, the complaint must be interpreted as including official capacity claims only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Accordingly, plaintiff's complaint will be treated as bringing only official capacity claims against defendants Minor and Precythe.

3

learned that he had contracted Hepatitis A. (Docket No. 1 at 2-3). He states that his Hepatitis A has "gone untreated" over a long period of time. (Docket No. 1 at 3). He further asserts that this "is a form of cruel and unusual punishment," and a "Genocide hate crime malicious bigotry style of practice." Plaintiff claims he has requested that Corizon provide for "Anti-Viral treatment or antibiotics of some sort." However, Corizon has told him that his records indicate that he has either already received the vaccine, or has had an active case in the past. (Docket No. 1 at 3, 6; Docket No. 1-3 at 3).

Plaintiff further alleges that defendants refuse to properly treat or correct "the poor conditions" in the facilities in which he is held. In particular, plaintiff states that the kitchen is "filthy" and "dirty," that he has been forced to work in the kitchen without pay and without training, and that there is "cross contamination." (Docket No. 1 at 5).

Plaintiff seeks $15 million in damages to be paid to him quarterly. (Docket No. 1 at 4). He also wants to be transferred to a western correctional facility or a medical treatment facility.

## Discussion

Plaintiff's official capacity claims against defendants Minor and Precythe must be dismissed.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public

employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983").

Defendants Minor and Precythe are employees of the Missouri Department of Corrections. The Missouri Department of Corrections is a state agency of the State of Missouri. Thus, plaintiff's official capacity claims are actually claims against the state. As noted above, a state is not a "person" for purposes of 42 U.S.C. § 1983. Since the State of Missouri and its officials are not § 1983 persons, plaintiff has failed to state a § 1983 claim. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) ("Section 1983 provides a cause of action against 'persons' only").

Even if the Missouri Department of Corrections is assumed to be a § 1983 "person," plaintiff has still failed to assert the Department's liability.

In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. The liability of a governmental entity may attach if the alleged constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or

supervise. *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff thus has three ways in which he can assert the liability of a governmental entity.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, he must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint fails to mention any of these methods for establishing the liability of a governmental entity. That is, his statement of claim contains no factual allegations concerning an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise, much less that any policy or custom or failure to train caused a violation of his constitutional rights. As such, plaintiff has not stated a claim of liability against the Department of Corrections. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Accordingly, for the reasons discussed above, plaintiff's official capacity claims must be dismissed.

Even if the Court were to presume that plaintiff intended to sue defendants in their individual capacities, he has still failed to state a claim.

In a § 1983 case, liability is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

7

In plaintiff's statement of claim, he never mentions defendants Minor or Precythe, much less allege their direct responsibility for purportedly violating his constitutional rights. He does not, for example, assert that Minor or Precythe was responsible for treating his medical condition or that they were aware of the conditions of which he complains. Plaintiff appears to assume their responsibility in light of their positions of authority. However, vicarious liability is inapplicable to § 1983 suits. *See Marsh*, 902 F.3d at 754. *See also Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 534-35 (8th Cir. 2009) (stating that in "a § 1983 case an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents"). Moreover, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Accordingly, even if plaintiff is presumed to have sued defendants Minor and Precythe in their individual capacities, he has failed to state a claim against them.

### Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. (Docket No. 2; Docket No. 13). Both motions will be denied as moot, as the Court is dismissing plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $22.82 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docket No. 2; Docket No. 13) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 28th day of November, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE